UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD PORTERFIELD,

    Plaintiff,

v.                                            Case No.:  2:19-cv-621-FtM-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Uncontested Petition for EAJA Fees (Doc. 25). Plaintiff represents the motion is unopposed. (*Id.*, p. 2). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 21). For the reasons below, the Court grants the Unopposed Application for Attorney's Fees (Doc. 25).

On March 24, 2020, the Court entered an Order (Doc. 22), reversing and remanding this action to the Commissioner to: "1) further consider the medical opinion evidence; (2) further evaluate Plaintiff's maximum residual functional capacity; (3) further evaluate whether Plaintiff can perform his past relevant work; and (4) if necessary, obtain supplemental evidence from a vocational expert to clarify the effects of the assessed limitations on the occupational base." (Doc. 22, p. 2). Thus, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff filed a request for an award of $8,179.99 in attorney's fees, $400.00 in costs, and $20.85 in expenses. (Doc. 25, p. 1).

In order for Plaintiff to receive an award of fees under EAJA, 28 U.S.C. § 2412, the following five conditions must be established: (1) Plaintiff must file a timely application for

attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that Plaintiff meets the requirements under EAJA. (Doc. 25, p. 4). Upon consideration, the Court finds all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). The Court determines that after review of the services provided, 39.80 hours expended by attorneys Carol Avard and Mark Zakhvatayev are reasonable here. (*See* Doc. 25, pp. 3, 20-21).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568

(11th Cir. 1985). Plaintiff requests the hourly rates of: $205.00 for 2019 and $206.25 for 2020. (Doc. 25, pp. 2-3). The Court finds these hourly rates appropriate.

The Court therefore determines 39.80 hours at the above hourly rates are reasonable and awards $8,179.99 in attorney's fees. Plaintiff also requests $400.00 in costs for filing fees. (Doc. 25, p. 1). Pursuant to 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, this cost is permitted to be awarded to the prevailing party. Therefore, the Court awards $400.00 in costs. In addition, Plaintiff requests $20.85 in expenses for mailing. (Doc. 25, p. 1). These expenses appear reasonable and within the discretion of the Court to award, and therefore will award them as well. See *Volk v. Astrue*, No. 3:11-CV-533-J-TEM, 2012 WL 5387967, *1 (M.D. Fla. Nov. 2, 2012) (finding the costs of mailing to file the complaint and for service of summons reasonable and awardable).

Plaintiff filed an Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement – Federal Court. (Doc. 25-1, p. 1). This Contract provides that Plaintiff assigns "any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney." (*Id.*). Thus, the Court will allow the fees to be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed.

Accordingly, it is hereby **ORDERED**:

1) The Uncontested Petition for EAJA Fees (Doc. 25) is **GRANTED** and the Court awards $8,179.99 in attorney's fees, $400.00 in costs, and $20.85 in expenses.

2) These fees may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff Richard Porterfield.

3) The Clerk of Court is directed to enter an amended judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on June 10, 2020.

*/s/ Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE